UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR M FERNANDEZ,

          Petitioner,

v.

MIKE OBENLAND,

          Respondent.

CASE NO. 3:16-CV-06058-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: APRIL 7, 2017

Petitioner Victor M. Fernandez filed a 28 U.S.C. § 2254 habeas petition challenging his 2014 guilty plea convictions of two counts of unlawful possession with intent to deliver, bail jumping and unlawful possession of a firearm. Dkt. 2; Dkt. 6, Exhibit 1. Respondent contends that the petition is barred by the federal statute of limitations. Dkt. 7. Petitioner did not file a response. *See* Dkt.

The Court finds that petitioner's federal habeas corpus petition is untimely because this federal habeas petition was filed more than one year after his state court judgment became final. There are no extraordinary circumstances in his case that require the application of equitable

REPORT AND RECOMMENDATION - 1

tolling principles. Therefore, this federal habeas petition should be dismissed with prejudice. The Court also recommends denying a certificate of appealability.

## STATE COURT PROCEDURAL BACKGROUND

On March 14, 2014, petitioner pled guilty to bail jumping, second degree unlawful possession of a firearm, and two counts of unlawful possession of a controlled substance with intent to deliver. Dkt. 6, Exhibit 2. On April 15, 2014, petitioner was sentenced to 50 months incarceration. Dkt. 6, Exhibit 1. Petitioner did not file a direct appeal of his judgment and sentence. *See* Dkt. 6. Under the terms of his plea agreement, because a standard range sentence was imposed, petitioner waived his right to appeal his sentence. Dkt. 6, Exhibit 3 (Attachment C).

On November 10, 2014, through counsel Ann Stenberg, petitioner filed a motion to withdraw his guilty plea in the trial court. *See* Dkt. 6, Exhibit 2 (Petitioner's Brief in Support of Personal Restraint Petition).[1] In April 2015, petitioner retained new counsel, Paula Olson, and amended the motion to withdraw his guilty plea. *See id.* at 2. The trial court denied the motion to withdraw on June 9, 2015. Dkt. 6, Exhibit 4 (Exhibit B).

On April 14, 2015, petitioner, again through counsel Paula Olson, filed a personal restraint petition. Dkt. 6, Exhibit 2. The Washington Court of Appeals dismissed the petition on October 22, 2015. *Id.*, Exhibit 5. Petitioner did not file a motion for discretionary review with the Washington Supreme Court.

Petitioner filed this federal habeas corpus petition on December 23, 2016. Dkt. 2.

---

[1] Respondent did not file a copy of the motion to withdraw the guilty plea as a part of the state court record.

## DISCUSSION

**A. Statute of Limitations - 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment and sentence was filed on April 15, 2014. Dkt. 6, Exhibit 1. Because petitioner pled guilty, signed a plea agreement and received a standard sentence, he waived his right to appeal his sentence. Dkt. 6, Exhibit 3 (Attachment C). *See Gonzalez,* 132 S. Ct. at 653-54 (if a petitioner never files a timely direct review, the direct review process concludes upon expiration of time for seeking such review, and the judgment becomes final on that date); *See e.g. Lagerwey v. Cole*, 2010 WL 2757092, at *3 (W.D. Wash. Apr. 23, 2010), *report and recommendation adopted,* 2010 WL 2757141 (W.D. Wash. July 12, 2010) (because petitioner signed a plea agreement and waived her right to appeal her sentence, the statute of limitations began to run when the judgment and sentence was filed). Thus, the AEDPA's one-year statute of limitations began running on April 15, 2014.

Respondent argues that the statute of limitations ran uninterrupted until April 2014 when petitioner filed his personal restraint petition. Dkt. 6 at 3. However, respondent fails to account for the fact that petitioner filed his motion to withdraw his guilty plea on November 10, 2014, which, as a collateral attack on his sentence, also tolled the federal statute of limitations. Dkt. 6,

1  Exhibits 2, 5.  *See* 28 U.S.C. § 2244(d)(2); RCW 10.73.090 (Under Washington state law,

2  "collateral attack" means any form of post-conviction relief other than a direct appeal, including

3  a motion to withdraw guilty plea and personal restraint petition); *See Wilton v. Gilbert,* 2016 WL

4  4691399, at *2 (W.D. Wash. Aug. 10, 2016), *report and recommendation adopted,* 2016 WL

5  4679984 (W.D. Wash. Sept. 7, 2016) (motion to withdraw guilty plea stopped the clock on the

6  federal statute of limitations); *Lagerwey v. Cole*, 2010 WL 2757092, at *3 (W.D. Wash. Apr. 23,

7  2010), *report and recommendation adopted,* 2010 WL 2757141 (W.D. Wash. July 12, 2010)

8  (petitioner entitled to statutory tolling for the pendency of her motion to withdraw her guilty plea

9  and personal restraint petition proceedings). Petitioner then filed his personal restraint petition on

10  April 15, 2014, while his motion to withdraw his guilty plea remained pending. Dkt. 6, Exhibit 2.

11  Thus, the federal statute of limitations was tolled from November 10, 2014 to November 21,

12  2015, -- which is 30 days after the Washington Court of Appeals denied his personal restraint

13  petition and the date petitioner's time to petition the Washington Supreme Court for

14  discretionary review expired. *See* Dkt. 6, Exhibit 5.[2] *See* RAP 13.4.

15  Another 398 days ran between November 21, 2015 and December 23, 2016 – which is

16  the date that petitioner filed his federal habeas petition. Dkt. 2. In sum, a total of 607 days

17  elapsed between when petitioner's conviction became final and the date he filed his federal

18  habeas petition. Thus, the petition is untimely and should be dismissed.

19  In addition, petitioner fails to show any basis for equitable tolling.  The AEDPA statute

20  of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and

21  "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649

---

[2] A copy of the Washington Court of Appeals mandate was not filed with the state court record. However, pursuant to RAP 12.5, the Clerk of the Court of Appeals will generally issue a mandate 30 days after the decision is filed.

1  (2010) (*quoting Pace*, 544, U.S. at 418).  Equitable tolling is appropriate where external forces,

2  rather than the petitioner's lack of diligence, account for the failure to file a timely petition.

3  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).   Whether a petitioner is entitled to

4  equitable tolling is a fact-specific inquiry.  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.

5  2000) (en banc).  To receive equitable tolling, a petitioner at the very least must show the

6  extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *See*

7  *Miles*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly

8  process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001)

9  (equitable tolling not appropriate where attorney miscalculated the statute of limitations

10  deadline).

11       Petitioner alleges that his petition is untimely because his attorney failed to explain the

12  appellate process, answer emails from his wife, or file a petition to the Washington Supreme

13  Court. Dkt. 2 at 5. It is not clear from the body of the petition what attorney petitioner is referring

14  to. *See id.* However, the attachments to the petition provide more detail, and it appears petitioner

15  is referring to actions by Ann Stenberg, his counsel when he filed his motion to withdraw his

16  guilty plea. Petitioner submits an affidavit of his wife, Neira Rubi Gonzalez, declaring that Ms.

17  Gonzalez has attempted to contact Ms. Stenberg, regarding petitioner's personal restraint petition

18  that was filed in 2015, but has not heard back. Dkt. 2 at 27-28. Petitioner also submits copies of

19  an email exchange between Ms. Gonzalez and Ms. Stenberg, in which Ms. Stenberg explicitly

20  told Ms. Gonzalez that the motion to withdraw the guilty plea was denied and that petitioner

21  should "find another attorney to take the [personal restraint petition]." Dkt. 2 at 27-28 (affidavit);

22  Dkt. 2 at 29 – 35. Based on the state court record, after Ms. Stenberg filed the motion to

23  withdraw the guilty plea, petitioner retained Paula Olson to represent him regarding the pending

24

motion to withdraw and his personal restraint petition. Dkt.6, Exhibit 2. Petitioner is proceeding *pro se* in this federal habeas petition. *See* Dkt. 2.

In order to obtain equitable tolling, petitioner has the burden to show that the pursued his rights diligently and that there were extraordinary circumstances that prevented his filing. *See Pace,* 544 U.S. at 418. Petitioner has failed to meet that burden. It is clear from the state court record that Ms. Stenberg did not act as petitioner's counsel in filing his personal restraint petition with the Washington state court, or as counsel in his federal habeas petition. Thus, the Court cannot find that any alleged failure by Ms. Stenberg to explain the appellate process, answer emails, or file a petition with the Washington Supreme Court could have caused petitioner to file an untimely federal habeas petition. Nor does petitioner allege that Ms. Olson or any other attorney acted in such a way that might warrant equitable tolling.

Here, petitioner does not allege any "extraordinary circumstance" beyond his control that made it impossible for him to file a timely federal habeas petition. *See Holland v. Florida,* 560 U.S. 631 (2010) (Attorney negligence is not a sufficient basis for applying equitable tolling to the Section 2244(d)(1) limitation period). Furthermore, there is no evidence from the Court's review of the record that petitioner was impeded in his ability to prepare and file his federal habeas petition in a prompt fashion. Petitioner's status as a *pro se* litigant, or any perceived misunderstanding of the appellate process, is insufficient to meet this burden. *See, e.g., Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (holding that prisoner's unfamiliarity with the legal process or the lack of representation during the filing period did not warrant equitable tolling of § 2244(d)(1)), *cert. denied,* 528 U.S. 1007 (1999); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se*

petitioner, generally does not excuse prompt filing' " of a habeas petition) (quoting *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999), *cert. denied,* 531 U.S. 1164 (2001)).

Accordingly, the Court finds that petitioner's request for equitable tolling should be denied. The Court concludes that his petition is time barred under 28 U.S.C. § 2244(d)(1) and should be dismissed.

### B. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

### CONCLUSION

Based on the foregoing, the Court recommends that this petition (Dkt. 2) be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections

1  will result in a waiver of those objections for purposes of *de novo* review by the district judge,

2  *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for

3  purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d

4  844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule

5  72(b), the Clerk is directed to set the matter for consideration on **April 7, 2017**, as noted in the

6  caption.

7  Dated this 17th day of March, 2017.

J. Richard Creatura
United States Magistrate Judge